IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Lester Cavanaugh, Jr., | Case No. 3:16 CV 1015 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Carlos Perez, M.D., et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff *pro se* Lester Cavanaugh, a state prisoner, brings this action under 42 U.S.C. § 1983 against Carlos Perez, Andrew Eddy, and John Gardner, who are medical professionals with the Ohio Department of Rehabilitation and Correction (Doc. 1). Cavanaugh alleges Defendants were deliberately indifferent to his medical needs. Defendants move for judgment on the pleadings (Doc. 8); Cavanaugh opposes (Doc. 16-1), and Defendants reply (Doc. 19).

## BACKGROUND

Cavanaugh underwent a hip replacement surgery in September 2008 (Doc. 1 at ¶ 15). He claims he experienced pain soon after the surgery and repeatedly complained to unidentified "prison medical doctors and medical staff that 'something is wrong'" (*id.*). Cavanaugh also claims the performing surgeon at the Ohio State University Medical Center ("OSUMC") "recommended yearly follow-up examinations" at OSUMC after the surgery. Prison medical personnel did not follow this recommendation (*id.* at ¶¶ 16–17).

Cavanaugh "continued to make complaints of pain" to unidentified prison medical staff "from 2008 to date" (*id.* at ¶ 19). Prison medical personnel consistently treated Cavanaugh: they ordered x-rays in November 2011, April 2013, February 2015, and July 2015, all of which showed no problems; sent him to podiatry appointments in 2012–2013; and gave him a cane and orthopedic supports. Additionally, the collegial review board conducted eight reviews of Cavanaugh's course of medical treatment over the years (*id.* at ¶¶ 20, 24, 30; Doc. 16-1 at 9). In October 2015, the collegial review board referred Cavanaugh for an MRI, which revealed "lateral migration w/osseous (bone) remodeling, high risk of fracture" (Doc. 1 at ¶ 26).

### STANDARD OF REVIEW

Defendants move for judgment on the pleadings under Federal Civil Rule 12(c), which is reviewed under the same standard as Rule 12(b)(6) motions. *Coley v. Lucas County*, 799 F.3d 530, 536–37 (6th Cir. 2015). When considering either a Rule 12(b)(6) or 12(c) motion, this Court presumes that all well-pleaded material allegations of the pleadings are true and draws all reasonable inferences in Cavanaugh's favor. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). But this Court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* This Court may consider the Complaint, the Answer, and any documents specifically referenced in the Complaint. *See* Federal Civil Rules 7(a), 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) ("[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)); *see also Coley*, 799 F.3d at 537.

2

**DISCUSSION**

Cavanaugh claims Defendants were deliberately indifferent to his medical needs because they ignored the OSUMC surgeon's advice that Cavanaugh receive annual follow-up examinations after his 2008 hip surgery. But Defendants identify two obstacles to relief: (1) Cavanaugh did not exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA") before bringing suit; and (2) he fails to state a claim under Section 1983.

**Exhaustion**

The PLRA mandates "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 216 (2007). An inmate exhausts administrative remedies by "taking advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance procedure to permit prison officials to review and, if necessary, correct the grievance 'on the merits.'" *Reed Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford v. Ngo*, 548 U.S. 81, 95 (2006)).

In Ohio, an inmate must follow a three-step grievance procedure, consisting of: (1) an informal complaint; (2) a notification of grievance; and (3) an appeal to the chief inspector. Ohio Admin. Code § 5120-9-31(K). Informal complaints must "contain specific information; dates, times, places, the event giving rise to the complaint and, if applicable, the name or names of personnel involved." *Id.* "To give fair notice of a claim, a plaintiff must allege specific acts of mistreatment or misconduct and identify the responsible party." *Pack v. Martin*, 174 F. App'x 256, 262 (6th Cir. 2006).

Though the Complaint alleges Cavanaugh exhausted his administrative remedies through a grievance numbered ACI 08-15-067 (Doc. 1 at ¶ 3), the documents referenced in the Complaint show otherwise.  At step one of the grievance process, Cavanaugh did *not* complain of any failure to send him for a follow-up examination after his surgery.  Rather, the lone complaint identified is the discontinuation (by unidentified staff) of pain medication that had originally been prescribed by Dr. Perez (Doc. 7-1 at 1).  Though Cavanaugh referenced additional issues with his hip in steps two and three, these were not properly raised under Ohio's grievance process.  Accordingly, in disposing of Cavanaugh's final appeal at stage three, the chief inspector found these "other issues . . . were not addressed in the original complaint and thus, will not be addressed in this current response" (*id.* at 5).  Because the chief inspector "clearly and expressly" dismissed the relevant part of Cavanaugh's grievance "on procedural grounds," Cavanaugh failed to exhaust administrative remedies as to this claim.  *Reynolds Bey v. Harris Spicer*, 428 F. App'x 493, 502 (6th Cir. 2011) (citing *Reed Bey*, 603 F.3d at 325).

**Merits**

The Complaint is subject to dismissal in any event.  To state a deliberate indifference claim, Cavanaugh must allege facts that satisfy the objective and subjective components of that claim.  First, Cavanaugh must allege that he suffered from a "sufficiently serious" medical need.  *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012).  Second, Cavanaugh "must demonstrate Defendants acted with a sufficiently culpable state of mind in denying medical care."  *Id.* (quotation marks omitted).  "Deliberate indifference is characterized by obduracy or wantonness -- it cannot be predicated on negligence, inadvertence, or good faith error."  *Id.*  "Thus, to prove the required level of culpability, a plaintiff must show that the official:  (1) subjectively knew of a risk to the inmate's

4

health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010).

This Court assumes, without deciding, that the lateral migration of Cavanaugh's hip is a sufficiently serious medical need. But the Complaint does not allege any specific facts to suggest any of the Defendants were deliberately indifferent to that need. Defendants are only mentioned by name in the first paragraph of Cavanaugh's "Statement of the Claim," with the conclusory assertion that they "deprived him of his Eight[h] Amendment Right to be free from cruel and unusual punishment and to medical treatment and are deliberately indifferen[t] to his objectively serious medical condition that arose after he had undergone surgery to replace his arthritic hip" (Doc. 1 at ¶ 10). The Complaint does not identify the medical personnel to whom Cavanaugh claims to have made constant complaints of pain, nor does it identify Cavanaugh's treating physicians. Dr. Perez's name is only mentioned in the informal complaint for *helping* Cavanaugh by prescribing him medication that offered him "almost immediate relief" (Doc. 7-1 at 1). In short, Cavanaugh fails to "state a plausible constitutional violation against *each* individual defendant -- the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly*, 680 F.3d at 626 (emphasis added).

Moreover, Cavanaugh admits he received substantial medical care in response to his complaints. He received medication, a cane, orthopedic inserts, and numerous x-rays and collegial reviews over the past seven years. His only complaint appears to be that Defendants -- or more accurately, certain unidentified prison medical personnel -- pursued an alternative course of medical treatment rather than follow the OSUMC surgeon's recommendation for annual follow-up exams. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to

constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). At best, Cavanaugh alleges Defendants were negligent in failing to diagnose the lateral migration sooner -- but that is not enough to state a claim of deliberate indifference. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.").

## CONCLUSION

The Motion for Judgment on the Pleadings (Doc. 8) is granted, and the Complaint is dismissed with prejudice. Cavanaugh's Motion for Appointment of Counsel (Doc. 12) is denied as moot. Further, this Court certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

September 30, 2016